**FILED**

MAY 07 2008
5-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRAINE WORMELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08CV2612 |
| v. ) | JUDGE KENNELLY |
| ) | MAGISTRATE JUDGE COLE |
| THE SOUTH SUBURBAN COUNCIL ) | |
| ON ALCOHOLISM AND SUBSTANCE ) | |
| ABUSE, an Illinois not-for-profit ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT – EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination alleging a violation of the Title I and Title V of the American with Disabilities Act of 1990, as amended, 42 United States Code, Section 12101 et.seq., Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, 42 United States Code, Section 1981.

2. The plaintiff is LORRAINE WORMELY of the county of Cook in the State of Illinois.

3. The defendant is THE SOUTH SUBURBAN COUNCIL ON ALCOHOLISM AND SUBSTANCE ABUSE (hereinafter referred to as "SSCASA"), an Illinois non-profit corporation, with a corporate office located at 1901 Cheker Square, East Hazel Crest, Illinois 60229.

4. The plaintiff, LORRAINE WORMELY was employed by defendant SSCASA as a Senior Addition Counselor II, a full-time, professional position from the period of about April 2000 through an including April 18, 2007.

5. Defendant SSCASA, by and through is officers, agents and supervisors, Janet Coleman

1

and others, discriminated against plaintiff beginning on or about April 3, 2007 and continuing until April 18, 2007, by failing to grant plaintiff a reasonable accommodation for her medical disability.

6. The plaintiff has filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission on May 1, 2007. A copy of this charge is attached as Exhibit A.

7. The plaintiff has also filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with the Illinois Department of Human Rights on May 5, 2008. A copy of this charge is attached as Exhibit B.

8. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received on February 9th, 2008., a copy of the Notice is attached as Exhibit C.

9. The defendant SSCASA discriminated against plaintiff because of the plaintiff's disability, severe asthma, in violation of the American with Disabilities Act, in that defendant failed to provide plaintiff with a reasonable accommodation to prevent plaintiff from suffering severe and continual asthma attacks, and failed to engage in the interactive process to assist plaintiff in identifying and obtaining a reasonable accommodation.

10. Upon information and belief, the SSCASA at all materials times, during the period April 17, 2006 and April 17, 2007, was an employer with fifteen (15) or more employees, for a period of 20 or more calendar weeks.

### Jurisdiction

11. Jurisdiction over the statutory violations alleged is conferred over the America

with Disabilities Act of 1990, (ADA) pursuant to Title VII, 28 U.S.C. § 1331, 28 U.S.C. §1334(a)(3), and 42 U.S.C. §2000 e-5(f0(3); 42 U.S.C. §12117 et. seq., and the Civil Rights Act of 1991, Pub L.No. 102-166, 105 Stat. 1071(1991).

. **Statement of Facts**

12. Prior to March 27, 2007, defendant received notice that plaintiff suffered from severe asthma, a life threatening, debilitating breathing condition that required that plaintiff's working environment be free from heightened exposure to smoke, dust, fumes, and other particles in the air.

13. On or before March 27, 2007, defendant began a construction renovation project at plaintiff's work space environment creating a considerable amount of construction dust, fumes, particles and air contaminants to remain in the air during the work day.

14. On or about March 27, 2007, plaintiff began to suffer a severe asthmatic attack and thereafter requested to be transferred to another work location that was not under construction, and which was free from construction dust particles in the air and fumes present in the area currently under construction.

15. Notwithstanding plaintiff's request for a reasonable accommodation, that is, to be transferred to a work area that was not undergoing construction, defendant, by and through its agent, officer and manager, Janet Coleman, on or about April 3, 2007, demanded and instructed plaintiff to vacate and resign her work assignment at SSCASA and to simply remain away from SSCASA in an unpaid leave status until the planned construction had been completed.

16. On or about April 11, 2007, plaintiff identified a construction free, alternative office work

3

space operated by defendant SSCASA at or near the Hazel Crest location, which would enable plaintiff to continue her full-time work assignment as a Senior Addiction Counselor II for SSCASA

17. Defendant refused to consider the reasonable accommodation request suggested by the plaintiff as an alternative work site and refused to participate in the interactive process to identify and consider alternative potential work sites or hours. Instead, defendant notified plaintiff by written correspondence on April 8, 2007 that plaintiff's employment had been terminated.

**THEREFORE**, the plaintiff asks that the court grant the following relief to the plaintiff:

a. Direct defendant to re-hire plaintiff in her former position of Senior Addition Counselor II;

b. Find that defendant failed to reasonably accommodate the plaintiff's disabilities;

c. Find that defendant failed to engage in the interactive process to identify and consider any potential alternative accommodation;

d. Grant plaintiff appropriate lost wages, compensatory damages, punitive damages, pre-judgment interest, costs, including reasonable attorney fees and expert witness fees.

e. Grant such other relief as the Court may find appropriate.

**Plaintiff Demands a Jury Trial**

LORRAINE WORMELY

*/s/ Gregory T. Mitchell*

By: Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois 60430
(708) 799-9325
Attorney for Plaintiff