UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRAINE WORMELY,      )<br>                        )<br>    Plaintiff,           )<br>                        )<br>    v.                  )<br>                        )<br>THE SOUTH SUBURBAN COUNCIL )<br>ON ALCOHOLISM AND SUBSTANCE )<br>ABUSE, an Illinois not-for-profit )<br>corporation,            )<br>                        )<br>    Defendant.          ) | Case No. 08 CV 2612<br>Judge Kennelly<br>Magistrate Judge Cole |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, SOUTH SUBURBAN COUNCIL ON ALCOHOLISM AND SUBSTANCE ABUSE ("SSCASA"), by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., and for its Answer to Plaintiff's Complaint, Defendant states as follows:

1. This is an action for employment discrimination alleging a violation of the Title I and Title V of the American with Disabilities Act of 1990, as amended, 42 United States Code, Section 12101 et.seq., Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, 42 United States Code, Section 1981.

**ANSWER:** SSCASA admits the allegations contained in Paragraph 1.

2. The plaintiff is Lorraine Wormely of the county of Cook in the State of Illinois.

**ANSWER:** SSCASA admits the plaintiff is Lorraine Wormely. However, SSCASA is without sufficient knowledge or information regarding the current residence of Ms. Wormely.

3. The defendant is THE SOUTH SUBURBAN COUNCIL ON ALCOHOLISM AND SUBSTANCE ABUSE (hereinafter referred to as "SSCASA"), an Illinois non-profit

iManage:215888_1

corporation, with a corporate office located at 1901 Checker Square, East Hazel Crest, Illinois 60229.

**ANSWER:** SSCASA admits the allegations contained in Paragraph 3.

4. The plaintiff, LORRAINE WORMELY was employed by defendant SSCASA as a Senior Addition Counselor II, a full-time, professional position from the period of about April 2000 through an including April 18, 2007.

**ANSWER:** SSCASA admits that plaintiff was hired in 2000 and her highest level of employment was Senior Addiction Counselor II.

5. Defendant SSCASA, by and through its officers, agents and supervisors, Janet Coleman and others, discriminated against plaintiff beginning on or about April 3, 2007 and continuing until April 18, 2007, by failing to grant plaintiff a reasonable accommodation for her medical disability.

**ANSWER:** SSCASA denies the allegations contained in Paragraph 5.

6. The plaintiff has filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission on May 1, 2007. A copy of this charge is attached as Exhibit A.

**ANSWER:** SSCASA admits the allegations contained in Paragraph 6.

7. The plaintiff has also filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with the Illinois Department of Human Rights on May 5, 2008. A copy of this charge is attached as Exhibit B.

**ANSWER:** SSCASA admits the allegations contained in Paragraph 7.

8. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received on February 9th, 2008. A copy of the Notice is attached as Exhibit C.

**ANSWER:** SSCASA admits the allegations contained in Paragraph 8. In further answering, SSCASA states the Dismissal Notice indicated the EEOC was unable to conclude the information established a violation of the statutes. The EEOC's decision was adopted by the Illinois Department of Human Rights on June 10, 2008.

9. The defendant SSCASA discriminated against plaintiff because of the plaintiff's disability, sever asthma, in violation of the American with Disabilities Act, in that defendant failed to provide plaintiff was a reasonable accommodation to prevent plaintiff from suffering severe and continual asthma attacks, and failed to engage in the interactive process to assist plaintiff in identifying and obtaining a reasonable accommodation.

**ANSWER:** SSCASA denies the allegations contained in Paragraph 9.

10. Upon information and belief, the SSCASA at all material times, during the period April 17, 2006 and April 17, 2007, was an employer with fifteen (15) or more employees, for a period of 20 or more calendar weeks.

**ANSWER:** SSCASA admits the allegations contained in Paragraph 10.

### Jurisdiction

11. Jurisdiction over the statutory violations alleged is conferred over the America with Disabilities Act of 1990, (ADA) pursuant to Title VII, 28 U.S.C. §1334(a)(3), and 42 U.S.C. §2000 e-5(f)(3); 42 U.S.C. §12117 et. seq., and the Civil Rights Act of 1991, Pub L.No. 102-166, 105 Stat. 1071(1991).

**ANSWER:** SSCASA admits the allegations contained in Paragraph 11.

## Statement of Facts

12.    Prior to March 27, 2007, defendant received notice that plaintiff suffered from sever asthma, a life threatening, debilitating breathing condition that required that plaintiff's working environment be free from heightened exposure to smoke, dust, fumes and other particles in the air.

**ANSWER**:    SSCASA admits that the plaintiff made it known to SSCASA administration that she was unable to tolerate any sort of construction or maintenance work, including painting, which would generate any sort of dust or smell in or near the work area she was assigned to.  This included plaintiff not being able to take her patients to meals, which was part of her assigned duties, if fish was on the menu because she could not stand the smell. SSCASA denies the remaining allegations, if any, contained in Paragraph 12.

13.    On or before March 27, 2007, defendant began a construction renovation project at plaintiff's work space environment creating a considerable amount of construction dust, fumes, particles and air contaminants to remain in the air during the work day.

**ANSWER**:    SSCASA admits in March 2007 it was planning remodeling and rehabilitation work for its buildings, which was to start in the area of the Men's Residential Program.  As a result, the Director of the Men's Residential Program, who was aware of plaintiff's sensitivities to construction activities, advised plaintiff she was going to be transferred to the Women's Residential Program starting March 27, 2007, and was to stay there until construction began in that building, thus avoiding the construction project entirely.  SSCASA denies the remaining allegations, if any, contained in Paragraph 13.

14.    On or about March 27, 2007, plaintiff began to suffer a sever asthmatic attack and thereafter requested to be transferred to another work location that was not under construction,

and which was free from construction dust particles in the air and fumes present in the area currently under construction.

**ANSWER:** SSCASA admits that shortly after construction activities began, plaintiff objected to certain activity in her vicinity, and SSCASA offered to move her to the second floor of the north building, an area in which no construction activity was taking place. SSCASA denies the remaining allegations, if any, contained in Paragraph 14.

15. Notwithstanding plaintiff's request for a reasonable accommodation, that is, to be transferred to a work area that was not undergoing construction, defendant, by and through its agent, officer and manger, Janet Coleman, on or about April 3, 2007, demanded and instructed plaintiff to vacate and resign her work assignment at SSCASA and to simply remain away from SSCASA in an unpaid leave status until the planned construction had been completed.

**ANSWER:** SSCASA denies that it failed to make reasonable accommodations for the plaintiff. In further answering, SSCASA denies that it remanded and instructed plaintiff to vacate and resign her work assignment. SSCASA states that after plaintiff made unreasonable and unfeasible demands, she was offered the opportunity to take Family and Medical Leave Absence. SSCASA denies the remaining allegations, if any, contained in Paragraph 15.

16. On or about April 11, 2007, plaintiff identified a construction free, alternative office work space operated by defendant SSCASA at or near the Hazel Crest location, which would enable plaintiff to continue her full-time work assignment as a Senior Addiction Counselor II for SSCASA.

**ANSWER:** SSCASA admits that on or about April 11, 2007 plaintiff provided it with a request to either be transferred to the outpatient department, or that an alternative office space

be obtained at the Department of Human Services office located on Dixie Highway in Harvey, Illinois. SSCASA denies the remaining allegations contained in Paragraph 16.

17. Defendant refused to consider the reasonable accommodation request suggested by the plaintiff as an alternative work site and refused to participate in the interactive process to identify and consider alternative potential work sites or hours. Instead, defendant notified plaintiff by written correspondence on April 8, 2007 that plaintiff's employment had been terminated. SSCASA denies the remaining allegations, if any, contained in Paragraph 16.

**ANSWER**: SSCASA denies that plaintiffs requested accommodations were reasonable, since it involved her being allowed to work at a facility of an entity other than SSCASA, her employer, and would required SSCASA to obtain licensure to allow it to perform offsite services, a licensure that SSCASA does not have. This location would have also required SSCASA to provide clerical support for Plaintiff at this remote location. In further answering, SSCASA states that a termination letter was sent to plaintiff on April 18, 2007, only after SSCASA was notified by the Illinois Department of Employment Security that plaintiff had filed for unemployment benefits, stating her reason for separation as "voluntary leave/quit." SSCASA denies the remaining allegations, if any, contained in Paragraph 17.

### AFFIRMATIVE DEFENSES

1. SSCASA made good faith efforts, in consultation with plaintiff, to identify and make reasonable accommodations that would provide plaintiff with equally effective opportunity and would not cause an undue hardship on SSCASA.

2. Plaintiff's request to work at an alternative space operated by the Illinois Department of Human Services was unreasonable, as it was a location not operated by SSCASA,

her employer, and would require SSCASA to obtain special licensure to allow it to perform offsite services, and to provide offsite clerical support.

3. SSCASA fulfilled its obligations to engage in an interactive process with plaintiff in an attempt to fins a workable accommodation.

4. All actions taken by SSCASA with respect to plaintiff were taken for legitimate, non-discriminatory reasons. SSCASA took extraordinary measures throughout the course of plaintiff's employ to accommodate her sensitivity to smells. SSCASA offered plaintiff a construction free work area that she refuses, taking the position that the entire building that she worked in would have to be construction free. Such a position was entirely unreasonable.

**WHEREFORE**, the Defendant, SOUTH SUBURBAN COUNCIL ON ALCOHOLISM AND SUBSTANCE ABUSE, respectfully requests this Honorable Court find that it did not discriminate against plaintiff on the basis of her alleged disability, and enter judgment in its favor.

Respectfully submitted,

SOUTH SUBURBAN COUNCIL ON ALCOHOLISM AND SUBSTANCE ABUSE

By: /s/ Howard C. Jablecki
One of its attorneys

Michael J. Duggan
Lance C. Malina
Howard C. Jablecki
KLEIN, THORPE AND JENKINS, LTD.
20 N. Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400